**CITY OF DES PERES,
Plaintiff-Respondent,**

v.

**James T. COLVIN, Defendant-Appellant.**

No. 43643.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 11, 1981.

Edward J. Delworth, St. Louis, for defendant-appellant.

Edward C. Cody, Pros. Atty., Des Peres, for plaintiff-respondent.

SNYDER, Judge.

Upon trial de novo before the circuit court, appellant, having waived his right to a trial by jury, was found guilty of peace disturbance in violation of municipal ordinance § 210.150 of the City of Des Peres, Missouri. The trial court assessed punishment of a $100 fine and a 90-day jail sentence, the jail sentence to be suspended if appellant consulted a psychiatrist within five days after expiration of the appeal period.

Appellant raises two points on appeal. First, he argues that proof of the obscene telephone calls admittedly made by appellant did not prove an offense under the applicable ordinance. Second, appellant charges he was improperly sentenced under a penalty ordinance never introduced into evidence. Appellant's first contention is correct and requires reversal.

The facts are undisputed. The prosecuting witness received numerous telephone calls at her place of business from a man who identified himself as Jim Colvin. During these telephone calls, the caller told the prosecuting witness he wanted to take the prosecuting witness to a motel; suggested meeting the prosecuting witness in a park; told the prosecuting witness that his sister would take pictures when they would go to the motel; described to the prosecuting witness that, as he spoke to her, he was rubbing something that was getting red and hard and big and had to relieve himself; described sexual fantasies to the prosecuting witness which he and the prosecuting witness would perform; requested the prosecuting witness say the word "delicious" in order to give the caller sexual satisfaction; and told the prosecuting witness he wanted to get in her pants and make love to her. A police officer, summoned by the prosecuting witness, confirmed the number and contents of the telephone calls.

The prosecuting witness testified the telephone calls she received alarmed her and that she was "just scared to death, because I never knew where he was going to be, if he was actually going to show up or not." The prosecuting witness was so frightened she called the Des Peres police who came to her place of business, stayed there during the day, and escorted her to her vehicle on the parking lot at night.

Eventually, the telephone caller and the prosecuting witness arranged for the caller to come to her business address by taxicab. Appellant arrived by taxicab and entered the place of business. The prosecuting witness asked the appellant whether he was the man who had been calling her on the telephone to which appellant answered, "Yes." Two police officers who had been behind a room divider then arrested appellant, who identified himself as James Colvin.

The appellant stipulated that, if appellant were to testify, he would acknowledge making telephone calls to the prosecuting witness but would deny the content of the calls as related by the prosecuting witness and would say that the prosecuting witness told appellant she did not mind talking to him that way as long as she had time.

Appellant insists the facts proved do not establish conduct which constituted a violation of the ordinance. His point has merit and the judgment must be reversed.

Appellant was prosecuted under the City of Des Peres, Missouri municipal peace disturbance ordinance, § 210.150, Ordinance Number 405, which provides as follows:

"No person shall disturb the peace of others by noisy, riotous, or disorderly conduct, or by violent, tumultuous, offensive, or obstreperous conduct, or carriage, or by loud and unusual noises, or by unseemly, profane, obscene, indecent, lewd, or offensive language, calculated to provoke a breach of the peace or by assaulting, striking, or fighting another within the City, and no person shall permit any such conduct in or upon any house or premises owned or possessed by him or under his management or control, so that others in the vicinity are disturbed thereby."

Similar municipal ordinances have been construed to prohibit verbal conduct only if the verbal conduct incites violence or is intended to provoke others to violence. *City of St. Louis v. Tinker*, 542 S.W.2d 512 (Mo.banc 1976).[1]

*City of St. Louis v. Tinker, supra,* is controlling here. In it the supreme court upheld the validity of a municipal ordinance similar in all pertinent respects to the ordinance in the case to be decided; but the cited case reversed the conviction under the municipal ordinance because the charges did not allege, nor did the evidence prove, verbal conduct calculated to provoke a breach of the peace. *City of St. Louis v. Tinker, supra,* at 519–520[7].

Tinker considered the leading cases decided by the United States Supreme Court[2] at length and determined that statutes or ordinances, similar to the ordinance in question, punishing verbal acts are constitutionally defective unless court construction has limited applicability of the statutes or ordinances to verbal conduct that, in the given factual setting, is reasonably likely to incite others to violence, a breach of the peace. *City of St. Louis v. Tinker, supra,* at 516–519. The court held the St. Louis municipal peace disturbance ordinance withstood constitutional scrutiny because inclusion of the phrase "calculated to provoke a breach of the peace" has long been interpreted by Missouri courts to require verbal conduct which *"tend[s] to excite immediate violence."* [Emphasis in original.] *City of St. Louis v. Tinker, supra,* at 515–516.

Appellant was charged with disturbing the peace of the prosecuting witness by making numerous harassing, lewd and sug-

1. The defendant in the municipal ordinance violation case in *City of St. Louis v. Tinker*, 542 S.W.2d 512 (Mo.banc 1976), was not found guilty of using indecent, lewd and profane language in violation of the ordinance but of noisy, riotous and disorderly conduct in violation of the ordinance. *City of St. Louis v. Tinker, supra,* at 515. Although obscenity is not protected by federal constitutional provisions, *McNary v. Carlton,* 527 S.W.2d 343, 345 (Mo. banc 1975), cases construing peace disturbance legislation have not distinguished obscene or profane verbal conduct from other verbal conduct. *City of St. Louis v. Tinker, supra,* at 519[2].

2. *Chaplinsky v. New Hampshire,* 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); *Gooding v. Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); *Lewis v. New Orleans,* 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974).

gestive telephone calls. Without question, he made the calls, but there was no evidence that his conduct, reprehensible though it was, was intended, or was reasonably likely, to incite others to violence. Therefore, there was no violation of the municipal ordinance as it was drafted.[3] *City of St. Louis v. Tinker, supra* at 519–520[7].

It is unnecessary to discuss appellant's second point on appeal concerning the prosecution's failure to introduce into evidence the penalty ordinance.

The judgment is reversed and the defendant discharged.

CRIST, P. J., and STEWART, J., concur.

---

**3.** It is unfortunate that the appellant must go unpunished. The kind of conduct which was proved in this case might be successfully prosecuted under a carefully drafted ordinance, per-

haps patterned after § 565.090, RSMo 1978, which makes harassment a class A misdemeanor.